IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

LEDO PIZZA SYSTEM, INC.  :
2001 Tidewater Colony Drive, Suite 201
Annapolis, MD 21401  :

and  :

LEDO PIZZA CARRYOUTS, LTD.  :
2001 Tidewater Colony Drive, Suite 201
Annapolis, MD 21401  :

      Plaintiffs,  :

v.  :  Civil Action No.:

POSTMATES, INC.  :
475 Valencia Street, 2nd Floor
San Francisco, CA 94103  :

    Serve On:  :
    The Corporation Trust, Incorporated
    2405 York Road, Suite 201  :
    Lutherville Timonium, MD 21093
        :

      Defendant.

**VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Ltd., by and through its undersigned counsel, sue the Defendant, Postmates, Inc., and in support thereof, state as follows:

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

1

## Parties, Jurisdiction, and Venue

1. Plaintiff, Ledo Pizza System, Inc. ("System") is registered and duly incorporated under the laws of Maryland.

2. System is engaged in the business of restaurant franchising throughout the Mid-Atlantic region and elsewhere.

3. Plaintiff, Ledo Pizza Carryouts, Ltd. ("Carryouts") is registered and duly incorporated under the laws of Maryland.

4. Postmates, Inc. ("Postmates") is incorporated under the laws of Delaware and is registered to do business in the State of Maryland.

5. Postmates' principal office is located at 275 Valencia Street, Second Floor, San Francisco, California 94103.

6. Carryouts is the owner of the trademark and service mark, "LEDO PIZZA®," which has been continually used in Maryland since 1955; was registered in the State of Maryland in 1986; and federally registered with the United States Patent and Trademark Office Principal Register on December 13, 1988 (Reg. No. 1,516,567) and on May 6, 2003, (Reg. No. 2,712,869).

7. Carryouts licenses System to use the Ledo Pizza trademark and related intellectual property in the sale of franchised restaurants operating under the names "LEDO PIZZA," "LEDO PIZZA AND PASTA" and "LEDO PIZZA AND SUBS".

8. By virtue of Plaintiffs' continuous use and federal trademark registration of

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

the name, "LEDO PIZZA®," Plaintiffs own "LEDO PIZZA," "LEDO PIZZA AND PASTA," "LEDO PIZZA AND SUBS," and any other derivation thereof.

9. Plaintiffs make use of the Ledo Pizza trademark on its menus, signage, advertising materials and promotional material.

10. The Ledo Pizza trademark is a strong, arbitrary mark that warrants broad protection in both related and unrelated product and/or service classes.

11. Plaintiffs operate a highly recognizable chain of restaurants, with over 100 licensed and franchised locations in the United States and Plaintiffs' distinctive "LEDO PIZZA®" trademark has acquired a secondary meaning associated with quality pizza and pasta.

12. Plaintiffs have used the Ledo Pizza trademark to distinguish its quality products and accumulate substantial good will with consumers. The name Ledo Pizza has become highly renowned in the Mid-Atlantic and Southeastern United States over the last sixty years.

13. Among its many awards throughout the years, Ledo Pizza was previously named one of the best pizzas in America on the Oprah Winfrey Show. In 2013, the Daily Menu ranked Ledo Pizza No. 3 in its list of America's 25 Best Pizza Chains. In 2014, Ledo Pizza was named the Best Pizza in Maryland by Family Magazine's Reader's Choice Awards. In 2018, Ledo Pizza was named the Best Pizza in Washington by the Washington City Paper. Furthermore, for the last four years in a row, Ledo Pizza has

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

been ranked the Best Pizza in Annapolis by What's Up Annapolis.

14. Ledo Pizza is a special type of pizza. It uses a secret recipe, proprietary ingredients and a distinctive rectangular method of presentation, all developed and marketed by Ledo Pizza since 1955.

15. System has developed a line of proprietary products, including subs, salads and Italian entrees (collectively the "Proprietary Products") which use trade secrets developed by System.

16. Customers have come to recognize the distinctive pizza presentation and associate Ledo Pizza with quality products.

17. Over the years, Plaintiffs have invested millions of dollars in the advertisement and promotion of the Ledo Pizza brand and trademark in order to establish a strong bond between the Ledo Pizza name, Plaintiffs' products and customer goodwill.

18. System and Carryouts have continuously monitored and regulated the use of its trademark and service mark, ensuring tight control over the use of its trademark and service mark.

19. The acts of Postmates described herein occurred in interstate commerce, affect interstate commerce and adversely affect Plaintiffs' interstate business.

20. The Court's jurisdiction over this action is predicated upon 15 U.S.C. §1121.

21. This Court has personal jurisdiction over Postmates as it operates its

McNamee, Hosea,
Jernigan, Kim,
Greenan & Lynch, P.A.

6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
(301) 441-2420

delivery service business described herein throughout the District of Maryland. In addition, upon information and belief, a substantial portion of the events comprising this Complaint occurred in the District of Maryland where Postmates advertises and conducts business.

22. Venue is appropriate in this District pursuant to 28 U.S.C. §1391(b) and (c).

## Background

23. The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

24. Postmates is a food delivery service providing products from various restaurants to consumers across the United States and, in particular, the State of Maryland.

25. Consumers are able to use Postmates' website or mobile phone application to order products from local businesses which are then delivered to their door. Postmates charges a service/delivery fee to consumers for the use of its website or mobile phone application for delivery of said products. Postmates' model is comparable to other online delivery services such as GrubHub and DoorDash.

26. Plaintiffs recently discovered that Postmates was using the service mark and trademark, LEDO PIZZA®, to conduct web based advertising and other similar uses on its website: www.postmates.com, including https://postmates.com/merchant/ledo-pizza-washington-dc.

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

5

27. Postmates advertises to consumers using Postmates' website or mobile phone application that it will deliver Ledo Pizza products to their door. A copy of the advertisement is attached hereto and incorporated as Exhibit A.

28. This advertising includes an identical menu of Ledo Pizza products to that which is found at the specified Ledo Pizza location. A copy of the menu utilized by Postmates for its Ledo Pizza advertisement is attached hereto and incorporated as Exhibit B.

29. In fact, there is an option at the bottom of the page which allows a customer to use Postmates to find or order a custom item at Ledo Pizza.

30. Plaintiffs are not affiliated with Postmates in any fashion and have not authorized Postmastes to deliver its food products to customers.

31. Furthermore, Plaintiffs have not authorized Postmates' use of the LEDO PIZZA® service mark and/or trademark at any time.

32. Although Postmates is not affiliated with Plaintiffs and lacks any authority to advertise or promote the Ledo Pizza name in its business, Postmates continuously advertises that it delivers food from Plaintiffs' restaurants.

33. These advertisements include the Ledo Pizza name and its Proprietary Products. More particularly, Postmates' website and mobile phone application advertise that it will deliver items such as the "Ledo Steak & Cheese," the "Ledo Deluxe Pizza," and the "Ledo Lasagna." *See* Exhibit B.

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

34. These advertisements are intended to and does confuse consumers into believing that Postmates is authorized to advertise and delivery Plaintiffs' name and products.

35. Plaintiffs do not independently offer a delivery service to their customers because Plaintiffs have not been able to ensure that Plaintiffs' quality standards will be met with a delivery service.

36. Since there is no affiliation between Plaintiffs and Postmates, Plaintiffs are unable to have any control over the food handling or quality standards of a Postmates delivery.

37. Consumers assume that there is an affiliation between Plaintiffs and Postmates and that the products they receive from Postmates will comport with the quality products they have come to associate with the Ledo Pizza name over the years; however, Plaintiffs have no control or ability to ensure that their customers receive those quality products.

38. On April 5, 2018, counsel for System and Carryouts sent a letter to Postmates advising that its use of the LEDO PIZZA® service mark and trademark was unauthorized and in violation of Federal and State trademark law. The letter demanded that Postmates immediately remove the LEDO PIZZA® service mark and trademark from its website and mobile phone application. A copy of the April 5, 2018 letter is attached hereto and incorporated as Exhibit C.

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

39. It appeared that Postmates thereafter promptly removed the LEDO PIZZA® service mark and trademark from its website; however, approximately three days after removal, Postmates again began advertising the LEDO PIZZA® service mark and trademark on its website and mobile phone application.

40. On April 25, 2018, counsel for System and Carryouts sent a second letter to Postmates again demanding the permanent removal of the LEDO PIZZA® service mark and trademark from its website. A copy of the April 25, 2018 demand letter is attached hereto and incorporated as Exhibit D.

41. Postmates has never responded to either the April 5, 2018, or the April 25, 2018 demand letter and, as of the date of this filing, Postmates continues to use the LEDO PIZZA® service mark and trademark on its website and mobile phone application.

## COUNT I
### (Trade Mark Infringement)

42. The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

43. This action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127, which is commonly referred to as the "Lanham Act."

44. Plaintiffs registered the trademark, "LEDO PIZZA®" with the USPTO.

45. Ledo Pizza® products and services are delivered to the public under a uniform business format utilizing specially designed equipment, methods, procedures and designs at Ledo Pizza® franchise locations.

McNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

46. Applicable trademark laws require that the Plaintiffs affirmatively act to protect the trademark and service mark.

47. Postmates has utilized the trademark and service mark of Plaintiffs without authorization in interstate commerce as part of its food delivery service.

48. The use of the Plaintiffs' service mark and trade mark constitutes a clear and unequivocal infringement of the Plaintiffs' service mark and trademark in violation of the Lanham Act.

49. Postmates has acted willfully and in bad faith in its unauthorized use of the "LEDO PIZZA®" trademark and service mark as Postmates has twice been put on notice of its unauthorized use and violation of the law and yet, Postmates continues such unauthorized use.

50. Postmates' unauthorized use of the trademark and service mark has caused and will continue to cause Plaintiffs to suffer irreparable harm to the goodwill and reputation built by Plaintiffs over the last sixty years.

51. More particularly, Postmates' unauthorized use of the Plaintiffs' trademarks is likely to cause confusion among consumers and others as to Plaintiffs' sponsorship or authorization of Postmates' delivery services.

52. Plaintiffs have no ability to control the quality, timeliness, or other conditions of Postmates' delivery service, while consumers may assume that there is some authorization and/or control by Plaintiffs.

McNamee, Hosea,
Jernigan, Kim,
Greenan & Lynch, P.A.

6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
(301) 441-2420

52. Plaintiffs have received several customer complaints concerning deliveries conducted by Postmates of Plaintiffs' products based on Postmates' unauthorized advertisement of the Ledo Pizza® service mark and trade mark.

53. Postmates' continued use and advertisement of the Ledo Pizza® service mark and trade mark will continue to cause irreparable harm to the Plaintiffs and the consumer goodwill generated by the service mark and trade mark.

54. Plaintiffs have no adequate remedy at law as the continued unauthorized use of Plaintiffs' marks will continue to cause damage to Plaintiffs' marks and brand completely out of control of the Plaintiffs.

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Ltd., request that this Honorable Court preliminarily and permanently enjoin the Defendant, Postmates, Inc., from advertising or otherwise using the protected trademark Ledo Pizza® or any derivation thereof, award the Plaintiff any and all monetary damages caused by Postmates' infringing activities, award the Plaintiffs' costs and attorneys' fees against Postmates, and further request that this Honorable Court grant such other and further relief as the nature of its cause may require.

## COUNT II
### (Unfair Competition and False Designation of Origin)

55. The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

McNamee, Hosea,
Jernigan, Kim,
Greenan & Lynch, P.A.

6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
(301) 441-2420

56. This action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127, which is commonly referred to as the "Lanham Act."

57. Plaintiffs registered the trademark, "LEDO PIZZA®" with the USPTO.

58. By virtue of its use of the name, Plaintiffs also have a common law right to the exclusive use of the name.

59. Ledo Pizza® products and services are delivered to the public under a uniform business format utilizing specially designed equipment, methods, procedures and designs at Ledo Pizza® franchise locations. Plaintiffs and their franchisees do not offer delivery of its products from its franchise locations to its consumers.

60. Plaintiffs prescribe a certain image for the Ledo Pizza® name and the proprietary products.

61. Customers have come to associate the Ledo Pizza name with quality products creating a highly recognizable brand in the Mid-Atlantic and Southeastern United States.

62. Applicable trademark laws require that the Plaintiffs affirmatively act to protect the trademark and trade dress.

63. Postmates' use of the Plaintiffs' service mark and trademark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Postmates' business with Ledo Pizza®, or as to the origin, sponsorship or approval of the Postmates' goods, services or commercial activities among potential

McNamee, Hosea,
Jernigan, Kim,
Greenan & Lynch, P.A.

6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
(301) 441-2420

11

patrons of the Plaintiffs and their licensees and franchisees.

64. Postmates' terms of service permit Postmates to charge a $15.00 "restocking charge" for any products a customer seeks to return. The very fact that Postmates' terms of service suggest it can restock products offered by a business, such as Plaintiffs, creates confusion as to the affiliation between Postmates and Plaintiffs.

65. Postmates also offers customers an opportunity to provide feedback for the products that Postmates delivers. Once again, the ability to provide feedback of the Plaintiffs' products causes confusion as to the affiliation or association between Postmates' business and Ledo Pizza®.

66. Customers are likely to believe that this information is shared between Plaintiffs and Postmates based on a mistaken affiliation or association.

67. In fact, Plaintiffs have received several customer complaints concerning deliveries conducted by Postmates of Plaintiffs' products based on Postmates' unauthorized advertisement of the Ledo Pizza® service mark and trademark. Postmates' use of the Ledo Pizza® service mark and trademark has already led to confusion among Plaintiffs' customers that Plaintiffs partner with or otherwise endorse Postmates as a delivery service.

68. The customer complaints based on food quality and delivery services are the precise reason that Plaintiffs have never offered delivery services to their customers. Plaintiffs have not been able to ensure that customers will receive the quality products

McNamee, Hosea,
Jernigan, Kim,
Greenan & Lynch, P.A.

6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
(301) 441-2420

12

they have come to expect from Plaintiffs through a delivery service.

69. Plaintiffs have no control over the delivery experience a customer receives from Postmates and are therefore rendered helpless in resolving these customer complaints.

70. The use of the Plaintiffs' service mark and trademark constitutes a clear and unequivocal infringement of the Plaintiffs' service mark and trade mark.

71. Postmates' activities violate the express provisions of 15 U.S.C. § 1125(a).

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Ltd., request this Honorable Court to preliminarily and permanently enjoin the Defendant, Postmates, Inc., from advertising or otherwise using the protected trademark Ledo Pizza® or any derivation thereof, award the Plaintiff any and all monetary damages caused by Postmates' infringing activities, award the Plaintiffs' costs and attorneys' fees against Postmates, and grant such other and further relief as the nature of its cause may require.

## COUNT III
### (Trademark Dilution)

72. The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

73. This action arises under §1125(c) of the Lanham Act.

74. The selling power of Plaintiffs' trademark and service mark is being injured by Postmates' willful and intentional infringement of the Plaintiffs' trademark and

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

13

service mark.

75. Plaintiffs' mark has become famous in Maryland, Virginia, Pennsylvania and Washington, D.C. and is widely known throughout the eastern United States.

76. The use of the LEDO PIZZA®" trademark in furtherance of Postmates' food delivery business is likely to cause dilution by blurring and/or dilution by tarnishment of Plaintiffs' well recognized trademark and service mark.

77. By virtue of the foregoing acts, Postmates has engaged in dilution of the Plaintiffs' trademark and service mark.

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Ltd., request this Honorable Court to preliminarily and permanently enjoin the Defendant, Postmates, Inc., from advertising or otherwise using the protected trademark Ledo Pizza® or any derivation thereof, award the Plaintiff any and all monetary damages caused by Postmates' infringing activities, award the Plaintiffs' costs and attorneys' fees against Postmates, and grant such other and further relief as the nature of its cause may require.

## COUNT IV
### (Common Law Unfair Competition Trade Name Infringement)

78. The Plaintiffs fully incorporate the factual allegations of the foregoing paragraphs.

79. By virtue of its use of the mark "Ledo Pizza®" over the last sixty years, Plaintiffs have a common law right to the exclusive use of the mark and any derivatives

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

14

thereof.

80. Ledo Pizza® products and services are delivered to the public under a uniform business format utilizing specially designed equipment, methods, procedures and designs at Ledo Pizza® franchise locations. Plaintiffs and their franchisees do not offer delivery of its products from its franchise locations to its consumers.

81. Plaintiffs prescribe a certain image for the Ledo Pizza® name and the Proprietary Products.

82. Plaintiffs' mark has become famous in Maryland, Virginia, Pennsylvania and Washington, D.C. and is widely known throughout the eastern United States.

83. Postmates' unauthorized use of the Plaintiffs' service mark and trademark is likely to cause deception as to the affiliation, connection, or association of Postmates' business with Ledo Pizza® among potential patrons of the Plaintiffs and their licensees and franchisees.

84. Postmates' terms of service permit Postmates to charge a $15.00 "restocking charge" for any products a customer seeks to return. The very fact that Postmates' terms of service suggest it can restock products offered by a business, such as Plaintiffs, creates deception and confusion as to the affiliation between Postmates and Plaintiffs.

85. Postmates also offers customers an opportunity to provide feedback for the products that Postmates delivers. Once again, the ability to provide feedback of the

McNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

Plaintiffs' products causes confusion as to the affiliation or association between Postmates' business and Ledo Pizza®.

86. Customers are likely to believe that this information is shared between Plaintiffs and Postmates based on a mistaken affiliation or association.

87. In fact, Plaintiffs have received several customer complaints concerning deliveries conducted by Postmates of Plaintiffs' products based on Postmates' unauthorized advertisement of the Ledo Pizza® service mark and trademark. Postmates' use of the Ledo Pizza® service mark and trademark has already led to confusion among Plaintiffs' customers that Plaintiffs partner with or otherwise endorse Postmates as a delivery service.

88. The customer complaints based on food quality and delivery services are the precise reason that Plaintiffs have never offered delivery services to their customers. Plaintiffs have not been able to ensure that customers will receive the quality products they have come to expect from Plaintiffs through a delivery service.

89. Plaintiffs have no control over the delivery experience a customer receives from Postmates and are therefore rendered helpless in resolving these customer complaints.

90. Through its unauthorized use of the Plaintiffs' trademark and service mark, Postmates has engaged in unfair competition with the Plaintiffs.

91. Postmates' unauthorized use of the Plaintiffs' service mark and trademark

McNamee, Hosea,
Jernigan, Kim,
Greenan & Lynch, P.A.

6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
(301) 441-2420

also constitutes a clear and unequivocal infringement of the Plaintiffs' service mark and trade mark.

92.     Postmates violated and continues to violate the Plaintiffs' exclusive common law right to trade as "Ledo Pizza®."

WHEREFORE, the Plaintiffs, Ledo Pizza System, Inc. and Ledo Pizza Carryouts, Ltd., request this Honorable Court to preliminarily and permanently enjoin the Defendant, Postmates, Inc., from advertising or otherwise using the protected trademark Ledo Pizza® or any derivation thereof, award the Plaintiff any and all monetary damages caused by Postmates' infringing activities, award the Plaintiffs' costs and attorneys' fees against Postmates, and grant such other and further relief as the nature of its cause may require.

I solemnly affirm under the penalties of perjury that the contents of the foregoing Complaint are true to the best of my knowledge, information and belief.

James B. Beall, President
Ledo Pizza System, Inc.

McNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

17

MCNAMEE, HOSEA, JERNIGAN, KIM,
GREENAN & LYNCH, P.A.


By:____/s/_____
Brent M. Ahalt
Bar # 13741

By:____/s/_____
Garth E. Beall
Bar # 13962

By:____/s/_____
Matthew B. Barlow
Bar # 19017
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
(301) 441-2420
*Attorneys for Plaintiffs*

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420